Filed 9/11/25  P. v. Deharo CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LUIS ROMAN DEHARO,<br><br>    Defendant and Appellant. | B337326<br><br>(Los Angeles County<br>Super. Ct. No. TA157781) |

Luis Roman Deharo (defendant) appeals from a trial court judgment executing a previously imposed but suspended three-year prison sentence, after the court found he violated the terms of his probation.  Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On May 6, 2025, we sent defendant a letter notifying him of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter.  We have

reviewed the entire record and, finding no arguable issues, affirm the judgment.

In February 2022, defendant's wife obtained a civil restraining order against defendant, protecting herself and her children in part because defendant had threatened to kill her in the presence of her children.[1]  Over the course of six months straddling the issuance of the restraining order, defendant broke the side mirrors on her car, followed her home after she dropped their children at school, pushed her on the shoulder causing her to step backwards, came to her house and knocked on the front door, and sent her threatening text messages.  The harassment culminated in June 2022 when defendant threw a rock that shattered a window of her apartment, and yelled at her from the sidewalk.

On August 24, 2022, the People charged defendant with (1) stalking (Pen. Code, § 646.9, subd. (a))[2] and also alleged that defendant had been subject to a temporary restraining order prohibiting such conduct (*Id*., subd. (b)); (2) criminal threats (§ 422, subd. (a)); (3) misdemeanor battery on a spouse (§ 243, subd. (e)(1)); and (4) misdemeanor vandalism (§ 594, subd. (a).)

On January 4, 2023, pursuant to a plea agreement, defendant pled no contest to the felony stalking charge and admitted the allegation related to that charge.  The trial court imposed a three-year prison sentence and suspended execution of that sentence and placed defendant on four years of

---

[1]    We draw these underlying facts from the probation report and the evidence presented at the contested violation of probation hearing.

[2]    All further statutory references are to the Penal Code unless otherwise indicated.

2

formal probation, conditioned upon 369 days in the county jail with credit for time served of 369 days.  In addition, the court imposed a 10-year protective order and ordered defendant to stay 100 yards away from his wife and not to "harass, . . . threaten, . . . follow, stalk, . . . disturb her p[ea]ce, . . . [or] have any personal, electronic, telephonic or written contact with her."

Between October and December 2023, defendant sent several text messages to his wife, came uninvited to her apartment for their daughter's birthday, and on another occasion came to her apartment window and peered in.

A contested violation probation hearing was held on March 22, 2024.  Defendant's wife testified and photos of defendant peering in through the apartment window were admitted into evidence.  The court found defendant in violation of his probation, terminated probation, and ordered defendant to serve the previously suspended three-year prison sentence.

Defendant filed a timely notice of appeal.

We have independently examined the entire record on appeal and are satisfied that defendant's appellate counsel has fully complied with his responsibilities and that no arguable issues exist.  (*Wende*, *supra*, 25 Cal.3d at p. 441.)

Defendant has, by virtue of counsel's compliance with the *Wende* procedure and our independent review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 278-279; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, P. J.
HOFFSTADT

We concur:

_____, J.
BAKER


_____, J.
KIM (D.)

4